Argued and submitted January 26, reversed and remanded for reconsideration
December 21, 1994

In the Matter of the Compensation of
Nellda Morris, Claimant.

FIRST INTERSTATE,
*Petitioner*,

*v.*

Nellda MORRIS,
*Respondent.*

(91-15691; CA A80449)

887 P2d 815

Jerry K. Brown argued the cause for petitioner. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C.

No appearance for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Employer petitions for judicial review of the Workers' Compensation Board's decision that claimant was entitled to temporary total disability (TTD) benefits from August 1, 1991, through November 17, 1991. We reverse.

We take the facts from the Board's unchallenged findings. Claimant compensably injured her knee at work. She was released to work part time and her claim was closed on July 18, 1986. When she continued to have pain, she consulted her family physician, Dr. Bomengen. In March of 1990, claimant changed her attending physician to Dr. Chamberlain. In March of 1991, Chamberlain transferred claimant's care to Dr. Saviers, who became her attending physician. In June of 1991, Saviers approved claimant to return to modified work. Claimant then returned to Bomengen. On July 3, 1991, Bomengen gave her an excuse from work "due to extreme pain in her left knee."

On July 5, 1991, the processing agent informed claimant that she had exceeded the number of attending physicians allowed by statute and needed the insurance company's approval of any change of attending physician. On July 8, 1991, claimant sent a form to the insurer requesting that Bomengen be made her attending physician. That same day, she mailed a request to the Department of Insurance and Finance, Medical Review and Abuse Section, requesting assistance in having Bomengen designated as her attending physician. Meanwhile, on the basis of Saviers's approval of modified work, employer informed claimant that she needed to return to work at the modified position or face disciplinary action.

On July 18, 1991, the processing agent informed claimant that it had refused to authorize the change in attending physicians, and that Saviers would continue to be regarded as her sole attending physician. On July 22, 1991, Saviers informed claimant that, effective August 1, 1991, he would no longer serve as her physician. On July 23, 1991, claimant was terminated from her employment for failing to return to work. Following her termination, employer failed to pay TTD benefits, and claimant requested a hearing, seeking benefits beginning August 1, 1991.

On November 18, 1991, the Medical Review and Abuse Section told claimant that, because Saviers had terminated the physician-patient relationship with claimant, and not vice-versa, claimant was entitled to select a new attending physician, effective on the date of the section's decision. The parties then stipulated that the question for hearing was whether claimant was entitled to TTD benefits for the period from August 1, 1991, through November 17, 1991.

The referee held that claimant was entitled to the benefits. The referee reasoned that an "attending physician" is defined in workers' compensation law as the doctor who is primarily responsible for a patient's treatment and that claimant was entitled to have such a physician between August 1, 1991, and November 18, 1991. ORS 656.005-(12)(b). The referee concluded that, notwithstanding the Medical Review and Abuse Section's order, Bomengen was claimant's attending physician from August 1, 1991, through November, 18, 1991, and therefore, Bomengen could authorize TTD payments. Consequently, the referee ordered that claimant was entitled to TTD payments for that time period. The Board affirmed and adopted the referee's order. Employer then petitioned for judicial review.

Employer argues that the Board erred in concluding that claimant is entitled to TTD benefits for the period from August 1, 1991, through November 17, 1991. According to employer, claimant is entitled to those benefits only if her attending physician authorized the time loss, and in this case, claimant had no attending physician during the period at issue. We agree that claimant is not entitled to TTD. Even assuming that the Board correctly applied the Medical Review and Abuse Section's order retroactively,[1] the effect of that decision is to approve the appointment of Bomengen as claimant's attending physician for the period from August 1, 1991, through November 17, 1991. Bomengen's time loss authorization, however, is dated July 3, 1991, at which time he was not claimant's attending physician. Because only an attending physician may authorize a worker's time loss,

---

[1] Employer does not argue, and we do not address, the question whether, because no one sought review of the order of the Medical Review and Abuse Section, it was final and not subject to review or modification by the Board in a collateral proceeding.

claimant was not entitled to TTD benefits for the period from August 1, 1991, through November 17, 1991. ORS 656.245(3)(b)(B). The Board, therefore, erred in awarding claimant those benefits.

Reversed and remanded for reconsideration.